Eastern District of Kentucky
FILED
AUG 0 9 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-343-KSF

MATTHEW R. CREMEANS, *an infant,*     PLAINTIFF
*by and through his next friend,*
*KIMIE L. CREMEANS*

V.     **OPINION & ORDER**

SPEEDWAY SUPERAMERICA, LLC     DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the defendant's motion for summary judgment [DE #22].

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 2, 2004, Kimie Cremeans ("Ms. Cremeans"), her son plaintiff Matthew Cremeans, and her aunt Opal Norris ("Ms. Norris") were traveling from Louisiana to Huntington, West Virginia, when they stopped at a Speedway SuperAmerica store in Versailles, Kentucky (the "Speedway Store"). At the time, the plaintiff was three years old. The three went inside the Speedway Store to use the restroom. Ms. Cremeans noticed upon entering the restroom that the door was heavy and hard to push open. According to the deposition testimony of Ms. Cremeans, she had stopped at this same Speedway Store "every single time since I've been traveling [from West Virginia] to Louisiana for ten years to use the restroom."

Ms. Cremeans and the plaintiff finished up in the restroom and announced to Ms. Norris that they were going to go get something to drink. As they exited the restroom together, Ms. Cremeans pulled open the door and exited; the plaintiff was walking underneath her arm. When Ms. Cremeans let go of the door, the plaintiff turned around to go back inside the restroom. As

the restroom door shut, the plaintiff's right middle finger got caught in the hinge of the door, and his fingertip was amputated and bleeding. Ms. Cremeans immediately took the plaintiff back into the restroom to get paper towels and run water over the plaintiff's finger to stop the bleeding.

She then took the plaintiff to the Speedway Store counter and she and Ms. Norris told the employees at the register that the plaintiff had cut the end of his finger off. According to Ms. Cremeans, neither employee offered any assistance, so she asked where the nearest hospital was and was told it was "down the street." Ms. Norris retrieved the plaintiff's fingertip, which was still caught in the hinge of the door, and received some assistance from employees of the Subway restaurant located inside of the Speedway Store.

After the plaintiff was treated at the hospital, Ms. Cremeans returned to the Speedway Store and asked to fill out an accident report. After some discussions with the store manager and the district manager for the defendant Speedway SuperAmerica, LLC ("SSA"), Ms. Cremeans received a letter from SSA stating that they had not found anything wrong with the restroom door and enclosing a $5 gift certificate. The plaintiff thereafter brought suit in this Court claiming negligence in SSA's maintenance of the door, namely that the door closed too fast and was too heavy.

## II. MOTION FOR SUMMARY JUDGMENT

### A. The Parties' Arguments

The defendant first argues that it did not have a duty to take precautions or warn invitees against a danger that is known to the invitee or so obvious that the invitee should have known of the danger. The possibility that a person, and particularly a child, might get a finger caught in the hinge of a self-closing door does not render the door a "hazardous condition." Rather, this is an

open and obvious condition of which the plaintiff and Ms. Cremeans should have known. Door hinges are a common and necessary feature of a building and pose an obvious risk that a finger may get caught if placed in the hinge area when the door is closed. Further, based on Ms. Cremeans's own testimony, she was, in fact, aware of the alleged "dangerous" condition of the door at issue – i.e., its alleged heaviness and fast-closing nature. Thus, the defendant had no duty to warn her of these conditions, and without such a duty, the plaintiff's negligence claim fails.

In response, the plaintiff asserts that the door at the Speedway Store did not meet appropriate Kentucky Building Codes and, thus, contributed to the plaintiff's injuries. The applicable building code required a closing time for the 118-pound door of not less than three (3) seconds from 70 degrees to 3 inches from the closing position. The door in question, however, closed at a rate of 2.35 seconds. Further, the door in question did not slow down until the latch point of the door was almost reached – i.e., the closure did not slow the speed of the door until the door was almost entirely closed.

The plaintiff argues that, pursuant to current Kentucky law, he has met his burden of proving that his encounter with the dangerous door was a substantial factor in causing his injuries. He argues that he has further proven, through expert testimony, that the Speedway Store was not in a reasonably safe condition for the use of its invitees. Thus, the defendant has the burden to prove that it exercised reasonable care with respect to the plaintiff. Because the door in question did not meet applicable building codes, the defendant did not exercise reasonable care and summary judgment is not appropriate.

The plaintiff further argues that the "obvious risk" rule does not apply. The defendant itself created the dangerous condition by failing to meet applicable Kentucky Building Codes.

Further, there is no evidence that the plaintiff and Ms. Cremeans were using the door in any way other than it was intended to be used. Most people are aware that a closing door presents a risk of pinching or smashing fingers, but it is not obvious that the door, due to its weight and fast-closing nature, was capable of amputating someone's fingertip by slamming shut too fast. Further, the obvious risk rule is inapplicable where the invitee does not see the hazard prior to an injury. While Ms. Cremeans testified that she knew the door was heavy and hard to open, there is no evidence that she was aware that the door would slam shut. Thus, according to the plaintiff, the danger was not so obvious and summary judgment is not appropriate.

In reply, the defendant asserts that this was nothing more than an unfortunate accident for which it cannot be held liable. Regarding the plaintiff's burden of proof argument, the defendant asserts that it is misplaced, as the plaintiff argues that Lanier v. Wal Mart Stores, Inc., 99 S.W.3d 431 (Ky. 2003), overruled the fundamental common law principle that a plaintiff claiming negligence must prove the basic elements of duty, breach, cause, and injury. Lanier had to do with issues of notice, not whether the business owed a duty to its invitee, and so is inapplicable.

Further, even if the plaintiff can establish a duty, he cannot establish causation – there is no evidence that the injury would not have occurred had the defendant not allegedly been negligent and there is no evidence that the defendant's alleged negligence was a "substantial factor" in bringing about harm to the plaintiff. The plaintiff's own expert testified that *had* the door met all applicable building codes, he still could not say that would have prevented any injury, due to the inherent pinch point at the hinge on a closing door. Thus, the plaintiff has not – and cannot now – produce any evidence that the plaintiff's injuries would not have occurred but for the alleged negligent act.

The defendant further argues that the open and obvious rule was not overruled in <u>Lanier</u>, as suggested by the plaintiff, as several courts have applied the rule to premises liability actions since <u>Lanier</u>. The plaintiff also misstates the rule when he says that it does not apply to bar a suit when the invitee does not see the hazard prior to the injury. The defendant disputes that Ms. Cremeans did not see, know of, and talk about the alleged hazard; even if she had not, because the alleged hazard was open and obvious, she should have known of it.

**B.  Analysis**

*1.  Standard*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " <u>Patton v. Bearden</u>, 8 F.3d 343, 346 (6th Cir. 1993) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 251-52 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." <u>Moore</u>

v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. Id. at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson v. Liberty Lobby, Inc., 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-50 (citations omitted).

### 2. *Duty and the "Open and Obvious Danger" Rule*

In order to succeed on his negligence claim, the plaintiff must prove that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury." Pathways, Inc. v. Hammons, 113 S.W.3d 85, 88 (Ky. 2003) (citation omitted). As to the last element, it "consists of what hornbooks separate into two distinct elements: actual injury or harm to the plaintiff *and* legal causation between the defendant's breach and the plaintiff's injury." Id. at 88-89 (citation omitted).

Regarding the element of duty, under Kentucky law the following principles apply to the present case:

> Generally, the owner of premises to which the public is invited has a general duty to exercise ordinary care to keep the premises in a reasonably safe condition. *McDonald v. Talbott*, Ky., 447 S.W.2d 84, 86 (1969). However, "[r]easonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them." *Johnson v. Lone Star Steakhouse & Saloon of Kentucky, Inc.*, Ky.App., 997 S.W.2d 490, 492 (1999), quoting *Bonn v. Sears, Roebuck & Co.*, Ky., 440 S.W.2d 526, 528 (1969). *See also Standard Oil Co. v. Manis*, Ky., 433 S.W.2d 856 (1968), wherein the court held that owners of premises do not have a duty to warn against natural outdoor

hazards which are as obvious to the invitee as to the owner. *Id.* at 858.

> Further, the court in *Smith v. Smith*, Ky., 441 S.W.2d 165 (1969), held that
>
>> An invitee has a right to assume that the premises he has been invited to use are reasonably safe, but this does not relieve him of the duty to exercise ordinary care for his own safety, nor does it license him to walk blindly into dangers that are obvious, known to him, or would be anticipated by one of ordinary prudence.
>
> *Id.* at 166.

Rogers v. Professional Golfers Ass'n of America, 28 S.W.3d 869, 872 (Ky. Ct. App. 2000).

The Kentucky Supreme Court's decision in Lanier v. Wal-Mart Stores, Inc., 99 S.W.3d 431 (Ky. 2003), did not impose any greater duty on the defendant than described above. Rather, it simply shifted the burden of proof on the elements of causation and notice. Further, the holding in Lanier is arguably limited to "so-called 'slip and fall' cases brought by business invitees who claim to have been injured as a result of slipping on a foreign substance while conducting business on commercial premises." Id. at 432.

The Court must also consider the "open and obvious danger" rule, which under Kentucky law states that "no duty arises with respect to hazards that are open and obvious." Thompson v. Breeding, 351 F.3d 732, 737 (6th Cir. 2003) (citations omitted). Likewise, if a particular danger is known by a visitor, then the business has no duty to eliminate this danger or even warn of it. Foley v. Michel Tire Co., 183 F. Supp.2d 934, 936 (W.D. Ky. 2002); Johnson v. Lone Star Steakhouse & Saloon of Ky., Inc., 997 S.W.2d 490, 491-92 (Ky. Cr. App. 1999). Thus, if the plaintiff or Ms. Cremeans actually knew of the danger (based on past experience) or should have known of the danger (based on the open and obvious nature of it), then the defendant owed no duty to the plaintiff.

In the present case, the plaintiff and Ms. Cremeans complain that the door was a hazard due to its weight and the speed with which it closed. To the extent that these characteristics rendered the door a "hazard," the Court finds that Ms. Cremeans had actual knowledge of the conditions of the door at this Speedway Store. She testified that she had used this restroom at the Speedway Store several times a year for more than ten years. She further testified that when she entered the restroom on the day of the plaintiff's injury, she noticed the weight of the door and that she and Ms. Norris commented that it was heavy and difficult to open. In response, Ms. Cremeans points out that she might have been aware of the door's weight, but was not aware of its fast-closing nature, but her testimony suggests otherwise. Because the plaintiff was aware of this particular door's characteristics, the Court finds that the defendant had no duty to warn the plaintiff of the alleged hazardous condition in the first place.

Turning to whether the "danger" was open and obvious, the answer to this inquiry must be yes. Regardless of how heavy and fast-closing a door is, there is an obvious danger that any door will close on a finger if it is placed on the doorframe near the hinge. This is an obvious danger with any door. There is not anything about this door – including its weight or how quickly it closes – that made it unreasonably dangerous. The weight and speed of the door did not create a uniquely high likelihood of injury or severity of injury. Rather, the door that the plaintiff and Ms. Cremeans encountered was a part of everyday life experience. Ms. Cremeans admitted that she was a "regular" at this particular Speedway Store and she acknowledged that she had experienced heavy doors that "slammed shut" in other retail establishments, so this was not a condition of which she was unaware. Thus, the Court concludes that this condition was open and obvious.

### 3. *Causation*

Even assuming that the plaintiff can make a case on the element of duty, he cannot prove causation in the present case. The alleged hazardous condition of the door is not what caused the plaintiff's injuries. Rather, the injury arose from the plaintiff's fingers being caught in the doorframe. The allegedly defective condition of the door did not cause the plaintiff to place his fingers there. Further, the plaintiff's own expert admits that the plaintiff would have injured his fingers in that position whether the door closed fast or slow. Thus, the plaintiff cannot prove a causal link between the allegedly defective condition of the door and the plaintiff's injury. Without this causal link, the plaintiff's claim fails.

### C. Conclusion

Based on the above, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) the defendant's motion for summary judgment [DE #22] is GRANTED;

(2) judgment in favor of the defendant shall be entered separately herewith;

(3) the pretrial conference and trial date of this matter are SET ASIDE;

(4) the defendant's motion to file a third-party complaint [DE #18] is DENIED as MOOT; and

(5) this is a final and appealable order.

This 9th day of August, 2005.

*/s/ KSF*
KARL S. FORESTER, SENIOR JUDGE